### ADREVENO v. MUTUAL RESERVE FUND LIFE ASS'N.

*(Circuit Court, E. D. Missouri, E. D.   June 13, 1889.)*

INSURANCE—FALSE REPRESENTATIONS—WAIVER BY INACTION.

Mere inaction on the part of a life insurance company for a period of 30 or 35 days after it receives information that the habits of the assured are at variance with the representations made by him to secure the policy does not amount to a waiver of the forfeiture.

At Law.   On motion to set aside verdict, and for new trial.

Action by Giovanni B. Adreveno against the Mutual Reserve Fund Life Association to recover on a policy of life insurance.   There was a verdict for plaintiff, and the present motion is to set it aside.   For opinion on admissibility of evidence, see 34 Fed. Rep. 870.

*Collins & Jamison,* for plaintiff.

*W. C. & J. C. Jones,* for defendant, cited:

*Foot* v. *Insurance Co.,* 61 N. Y. 571; May, Ins. §§ 497, 502; *Insurance Co.* v. *Stevenson,* (Ky.) 8 Ins. Law J. 922; *Carr* v. *Railway Co.,* L. R. 10 C. P. 307; *Insurance Co.* v. *Raddin,* 7 Sup. Ct. Rep. 500; *Morrison* v. *Insurance Co.,* 59 Wis. 163, 18 N. W. Rep. 13; *Schwarzbach* v. *Protective Union,* 25 W. Va. 666; *Bevin* v. *Insurance Co.,* 23 Conn. 249; *Frost* v. *Insurance Co.,* 5 Denio, 154; *Insurance Co.* v. *Wolff,* 95 U. S. 326; *Hayward* v. *Insurance Co.,* 52 Mo. 195; *Reid* v. *Insurance Co.,* 58 Mo. 429; *Bank* v. *Armstrong,* 92 Mo. 281, 4 S. W. Rep. 720; *Sheehy* v. *Railway Co.,* 94 Mo. 580, 7 S. W. Rep. 579.

THAYER, J.   I have no doubt that the verdict in this case was against the weight of evidence, and ought to be set aside on that ground.   The case has been held under advisement, however, to consider the further question whether under the evidence adduced at the trial the case ought to have gone to the jury.   That question, in my opinion, must be answered in the negative.   Adreveno made false representations as to his habits of life to secure the policy.   That fact was confessed, and the policy for that reason was voidable at the election of the company.   Information reached the company, after it delivered the policy, that Adreveno was a drunkard.   This information was at variance both with the representations made by the assured as well as with the certificate of the medical examiner, who certified that Adreveno appeared to be a "first-class risk."   Undoubtedly the information came from such an authentic source that it was the company's duty to have taken steps to ascertain the truth or falsity of the report.   I think, however, that reasonable diligence only was required in making such investigation; and it appears to me, considering all the circumstances of the case, that the evidence did not disclose any such delay in making or setting on foot such an investigation as would warrant a jury in finding from the company's inaction that it elected to continue the risk whether Adreveno had been theretofore temperate or intemperate.   Adreveno died of "alcoholism," within two months after the policy was delivered.   The informa-

tion that he had been and was an intemperate man came to that officer of the company whose duty it was to investigate the report not over 30 or 35 days before the death of the assured. It was not his duty to neglect other business and give his undivided attention to the investigation of the matter so brought to his notice. All that could be expected or required of the company was that it should investigate the report in the due course of its business, and make its election to continue or cancel the risk when the truth was ascertained. The evidence showed, I think, that the company pursued the usual course adopted with reference to such reports, and acted with ordinary diligence. Another fact to be noted is that no assessments were levied on the policy between the date of its delivery and the assured's death. If it had levied assessments on the policy after the receipt of information that the policy was perhaps voidable, the jury might have been authorized to infer that the company had elected to continue the risk, notwithstanding the false representations of the assured. The case is barren of any elements of estoppel. During the two months that elapsed between the issuance of the policy and the assured's death, the company did no act calculated to mislead him. The case, so far as the plaintiff is concerned, rests wholly on the fact of the company's inaction for a period of 30 or 35 days after it was informed that the assured was a man of bad habits; and that fact alone, in my judgment, is not sufficient to warrant a jury in finding that it waived the forfeiture. The motion for a new trial is sustained.